McFarlaND, J.,
delivered the opinion of the court:
The complainant charges that he was surety of the defendant, hi. L. Scarce, on a note to the clerk and master, at Rutledge, for the purchase of a tract of land; that the vendor’s lien has been enforced and the land resold, leaving a balance :of $50, and interest, for which he is liable as surety of said hi. L. Scarce; charging that said M. L. Scarce is absconding; that he had for love and affection made a deed of gift to Saliie Scarce for all the property he owned — a mare and colt, and still; that the mare had since had another colt. There was an attachment and prayer for relief. M. L. Scarce filed a plea in abatement, denying that he was absconding. There was issue on this and proof, upon which the chancellor held that the plea in abatement was not sustained, and gave a final decree for the complainant for the balance of the indebtedness referred to, with interest, and a decree on the replevin bond. Scarce has appealed.
We hold with the chancellor that the plea in abatement was not sustained, and as the record does mot show that the defendant, upon his plea being overruled, asked leave to answer or malee further defense, there was mo error in the chancellor’s proceeding to a final decree. Rut we hold that the recovery in favor of the complainant was mot *97 proper. According to tlie statements of tlie bill, tlie complainant was surety of the defendant, Scarce, upon a note to the clerk and master, upon which there is a balance unpaid, but complainant has not paid this balance, nor does he charge that there is a judgment against him for it. He has, therefore, no right to recover the money of the defendant.
The decree will be so modified as to direct the payment to the clerk and master, and the costs of this court will be divided; the costs of the court below, as directed by the chancellor.